UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COALINGA STATE HOSPITAL,<br><br>　　　　Defendant. | Case No. 1:24-cv-01345-HBK (PC)<br><br>ORDER TO ASSIGN CASE TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 2) |

　　　　Plaintiff Alex Leonard Azevedo, a state prisoner, initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on October 28, 2024. (Doc. No. 1, "Complaint"). On the same day, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2). For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes and the Complaint does not establish that Plaintiff meets the imminent danger exception.

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

## BACKGROUND AND FACTS

The Complaint names as the sole Defendant Coalinga State Hospital ("CSH"). (Doc. No. 1 at 1, 2). The Complaint alleges that on December 3, 2023, unspecified staff at CSH were negligent when they left a janitor's closet open which allowed another mental health inmate to take a mop handle from the closet and beat Plaintiff with it causing him injuries. (*Id*. at 3-4, 10). Plaintiff was immediately taken to an outside hospital in Hanford and treated for his injuries. (*Id*. at 4, 10). As relief, Plaintiff seeks $5 million for his injuries and pain and suffering. (*Id*. at 7).

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

### A. Applicable Three Strikes Law

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case.

*See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews*, 493 F.3d at 1051-52 (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly

3

1    conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226,

2    1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine

3    emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v.*

4    *Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a

5    plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Andrews*, 493

6    F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

7        Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. §

8    1915(g), some courts have found that the proper procedure is to dismiss the case without

9    prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled.

10   *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal.

11   Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021

12   WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

13   2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov.

14   30, 2005).  Other courts have first afforded the plaintiff an opportunity to pay the filing fee

15   before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-

16   320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected*

17   *in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead

18   permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*,

19   No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation*

20   *adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March

21   13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not

22   then requiring dismissal).

23       The preceding law must be taken in the context of congressional intent when enacting the

24   Prison Litigation Reform Act.  As the United States Supreme Court noted in *Lomax*, "[t]he point

25   of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*,

26   140 S.Ct. at 1726.  And the three strikes provision, in particular, was aimed "to disincentivize

27   frivolous prisoner litigation." *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

28       *////*

**B. Plaintiff Has Three or More Qualifying Strikes.**

A review of the PACER Database reveals that Plaintiff has filed more than 12 civil actions or appeals in a court of the United States.[2] Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
| --- | --- | --- |
| April 10, 2018 | *Azevedo v. Thompson, et al.*, No. 2:17-cv-01262-MCE-EFB (E.D. Cal.) | Dismissed for failure to state a claim at screening pursuant to 28 U.S.C. §1915A |
| February 21, 2018 | *Azevedo v. Colusa County Jail et al.*, No. 2:17-cv-00472-JAM-AC (E.D. Cal.) | Dismissed for failure to state a claim at screening pursuant to 28 U.S.C. §1915A |
| August 9, 2016 | *Azevedo v. Smith, et al.*, No. 2:16-cv-01214-TLN-AC (E.D. Cal.) | Dismissed for failure to state a claim at screening pursuant to 28 U.S.C. §1915A |
| December 11, 2007 | *Azevedo v. Smith, et al.*, No. 2:16-cv-2809-JAM-EFB (E.D. Cal.) | Dismissed with leave to amend for failure to state a claim, and case dismissed on February 21, 2018, for failure to file an amended complaint |

Plaintiff has previously been denied IFP status by at least one other court because of his three-striker status. *See*, *e.g.*, *Azevedo v. Smith*, *et al.*, No. 2:18-cv-02818-TLN-AC (E.D. Cal.). Each of the above dismissals was done at the screening stages by the district court after finding the operative complaint failed to state a claim and qualify as a strike under Ninth Circuit law for purposes of § 1915(g). The dismissal listed above properly count as strikes because Plaintiff did not file an amended complaint after the court screened the original complaint, explained the deficiencies and how to amend, and Plaintiff failed to amend. *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (finding dismissal counts as 1915(g) strike "when (1) a district court

---

[2] http://pacer.uscourts.gov

1  dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to
2  amend, and (3) the plaintiff then fails to file an amended complaint.").

### C. The Imminent Danger Exception Does Not Apply

Because Plaintiff has three qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed. *Andrews*, 493 F.3d at 1052-53. Liberally construing the Complaint there are no facts that plausibly indicate Plaintiff was in imminent danger of serious physical injury at the time he filed the instant action. Plaintiff's Complaint alleges that a mental health inmate attacked him while he was housed at Coalinga State Hospital. (Doc. No. 1 at 13). According to the documents attached to the Complaint, the event occurred in late 2023[3] (*Id*. at 10, 13). At the time Plaintiff filed his Complaint in October 2024, Plaintiff had been transferred to San Quentin State Prison. (*see Id*.). Plaintiff acknowledges he was treated for his injuries at an outside hospital in 2023 and seeks compensatory damages for his past pain and suffering. Accordingly, Plaintiff does not satisfy the imminent danger exception to proceed IFP.

Accordingly, it is hereby **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

2. Plaintiff be directed to pay the full $405.00 filing fee by a date certain, absent which the Court dismiss this action without prejudice.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

---

[3] In his grievance form Plaintiff claims the event took place on November 26, 2023 but the report from staff indicates it took place on December 3, 2023. (*See* Doc. No. 1 at 10, 13).

after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     November 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE